IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. KENNETH SCOTT GORDON, Defendant/Petitioner. | CR. NO. 11-00479 (01) JMS<br>CIV. NO. 18-00198 JMS-KSC<br><br>ORDER (1) DENYING MOTION UNDER § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, ECF NO. 272; AND (2) GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY |
|---|---|

**ORDER (1) DENYING MOTION UNDER § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, ECF NO. 272; AND (2) GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Before the court is Defendant/Petitioner Kenneth Scott Gordon's ("Gordon") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 272. Gordon challenges his conviction and sentence alleging that: (1) his motion to suppress evidence was improperly denied; and (2) he was provided ineffective assistance of counsel on appeal.

For the reasons discussed below, the court DENIES Gordon's § 2255 Motion (1) with prejudice as to Ground One (motion to suppress), and (2) without prejudice as to Ground Two (ineffective assistance of appellate counsel).

## II. BACKGROUND

On May 18, 2011, Gordon was indicted with two co-defendants for conspiracy to distribute methamphetamine, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). ECF No. 6. Arguing that a warrantless search violates the Fourth Amendment, on May 11, 2012, Gordon moved to suppress evidence seized from a bag he was carrying when arrested and from a wallet and cellphone found on him when arrested. ECF Nos. 74, 75. After a hearing, the court denied the motions to suppress on September 10, 2012. ECF No. 105; *United States v. Gordon*, 895 F. Supp. 2d 1011 (D. Haw. 2012). After a jury trial, Gordon was found guilty as charged on October 17, 2012, ECF No. 161, and later sentenced to 164 months of imprisonment with five years of supervised release, ECF No. 227.[1] Gordon filed a "Motion for a New Trial for Sentencing," ECF No. 230, which was denied, ECF No. 233.

Gordon appealed. ECF No. 234. The Ninth Circuit affirmed, concluding, among other things, that this court did not err in denying Gordon's motion to suppress the evidence from the bag and wallet. *United States v. Gordon*, 694 F. App'x 556 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 434 (2017).

---

[1] Gordon's sentence was later reduced from 164 to 151 months of imprisonment (with no changes to supervised release) after the court retroactively applied Amendment 782 of the United States Sentencing Guidelines. ECF No. 261.

On May 22, 2018, Gordon filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion"). ECF No. 272. The Government filed its Response on July 23, 2018, ECF No. 277, and Gordon filed his Reply on August 27, 2018, ECF No. 278. On September 6, 2018, the court requested both parties to provide additional briefing on whether the court has jurisdiction over Ground Two of the Motion (ineffective assistance of appellate counsel). ECF No. 279. On October 3, 2018, the Government filed a Supplement to its Response. ECF No. 280. On October 4, 2018, Gordon filed his Memoranda[2] as to the District Court's Jurisdiction. ECF No. 281, 282. On October 18, 2018, Gordon filed a Motion to Strike unresponsive portions of Government's Supplement. ECF No. 283.

### III. **STANDARD OF REVIEW**

Title 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[2] Gordon filed two nearly identical Memoranda on October 4, 2018. ECF Nos. 281, 282. The court has reviewed both.

A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule Governing Section 2255 Proceedings 4(b). A court need not hold an evidentiary hearing if the allegations are "palpably incredible [or] patently frivolous," *Blackledge v. Allison*, 431 U.S. 63, 76 (1977), or if the issues can be conclusively decided on the basis of the evidence in the record. *See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must "allege specific facts which, if true, would entitle him to relief." *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (internal quotation marks and citation omitted).

### III. **DISCUSSION**

**A.      Ground One: Motion to Suppress**

Gordon's claim regarding his motion to suppress evidence fails because it was already raised in his direct appeal. "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United*

4

*States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) (citation omitted); *see also Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970) ("Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255."). In his Motion, Gordon argues that his motion to suppress should have succeeded under *Arizona v. Gant*, 556 U.S. 332 (2009) (holding unreasonable a search of defendant's car after defendant was handcuffed and secured inside a patrol car). *See* ECF No. 272-1 at 19-26. But the Ninth Circuit addressed this issue on direct appeal and distinguished Gordon from the defendant in *Gant* because, unlike that defendant, Gordon was "within reaching distance" of the duffel bag during the search. *Gordon*, 694 F. App'x at 557 (citing *Gant*, 556 U.S. at 351). Further, the Ninth Circuit reasoned that the search was "roughly contemporaneous" with the arrest because it occurred within seconds of Gordon being handcuffed. *Id.* (citing *United States v. Camou*, 773 F.3d 932, 938 (9th Cir. 2014); *United States v. Cook*, 808 F.3d 1195, 1197, 1199-1200 (9th Cir. 2015); *United States v. Nohara*, 3 F.3d 1239, 1243 (9th Cir. 1993)).

Finally, the Ninth Circuit concluded that the search of Gordon's wallet was lawful because Gordon stipulated that officers would testify that the wallet was taken from his person at the time of his arrest and then transported to the DEA office. *Id.* Thus, Gordon is simply trying to relitigate his direct appeal, which cannot be a basis for a § 2255 petition.

## B. Ground Two: Ineffective Assistance of Appellate Counsel

Gordon next alleges that his appellate counsel was ineffective for failing to: (1) file a Reply brief; (2) request oral argument; or (3) petition for rehearing. *See* ECF No. 272-1 at 30-35. On September 6, 2018, the court requested supplemental briefing on the issue of whether this court has jurisdiction over this claim. ECF No. 279. Upon review of the briefing[3] and relevant case law, the court determines that it does not have jurisdiction over Gordon's claim of ineffective assistance of appellate counsel.

Both Gordon and the Government argue that this court has the authority to review Gordon's claim of ineffective assistance of appellate counsel. ECF No. 281 at 2; ECF No. 280 at 2. The Government argues that the Ninth Circuit has assumed in some cases that the district court had jurisdiction over similar claims. ECF No. 280 at 3 (citing *Simmons v. United States*, 2013 WL 3455770, at *11 (D. Haw. July 9, 2013) ("*Simmons I*")). The Government also argues that this court is "in the best position to conduct an evidentiary hearing and/or perform fact-finding in the first instance . . . ." *Id.* at 3-4.

The court has addressed this issue in *Simmons I*. In that case, the petitioner asserted that his appellate counsel was ineffective because counsel

---

[3] Gordon filed a Motion to Strike unresponsive portions of Government's Supplement, ECF No. 280. ECF No. 283. The court does not consider any arguments in the Government's Supplement beyond the scope of the jurisdiction question. Thus, Gordon's Motion to Strike, ECF No. 283, is DENIED as moot.

allowed the petitioner to sign a declaration to the Ninth Circuit agreeing to dismissal of his appeal. 2013 WL 3455770, at *11. Like in *Simmons I*, Gordon is "effectively asking this court to change what happened before the Ninth Circuit" — in this case, appellate counsel's failure to file a Reply brief, request oral argument, or petition for rehearing. *Id.*

*Simmons I* recognized that "the Ninth Circuit has assumed in some cases (without specifically addressing) that the district court had jurisdiction to decide claims alleging ineffective assistance of appellate counsel." 2013 WL 3455770, at *11 (citing *United States v. Gamba*, 541 F.3d 895, 896 (9th Cir. 2008); *United States v. Skurdal*, 341 F.3d 921 (9th Cir. 2003); and *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir. 1986)). And *Simmons I* acknowledged that these cases "may recognize that the district court may be in the best position to conduct an evidentiary hearing and/or perform fact-finding in the first instance." *Id.*

But, *Simmons I* concluded that it did not appear that the court had jurisdiction over the claim because of *Williams v. United States*, 307 F.2d 366, 368 (9th Cir. 1962), *overruled on other grounds by Kaufman v. United States*, 394 U.S. 217 (1969), which stated:

> [A] section 2255 proceeding [cannot] be utilized as a method of reviewing the action of [the Ninth Circuit] in dismissing an appeal. If an appeal is improvidently dismissed in [the Ninth Circuit] the remedy is by way of a motion directed to [the Ninth Circuit] asking for a recall of the mandate or certified judgment so that [the

7

> Ninth Circuit] may determine whether the appeal should
> be reinstated. The recall of the mandate or certified
> judgment for such a purpose is entirely discretionary with
> [the Ninth Circuit].

*See Simmons I*, 2013 WL 3455770, at *10 (collecting cases). And this makes sense. This court could not offer Gordon any relief he seeks based on ineffective assistance of appellate counsel. Only the Ninth Circuit could do so.[4]

Ultimately, the court denied Simmons' § 2255 motion (as to ineffective assistance of appellate counsel) without prejudice and granted petitioner leave to renew the ineffective assistance of appellate counsel claim "if the Ninth Circuit determines in connection with [petitioner's] expected proceedings to recall the mandate that this Court has jurisdiction to adjudicate it and grant relief on it, notwithstanding *Williams*, in [petitioner's] § 2255 proceeding." *Simmons v. United States*, 2013 WL 11318851, at *3 (D. Haw. July 26, 2013) ("*Simmons II*"). As in *Williams*, the remedy for Gordon, if any, appears to be "by way of a motion directed to [the Ninth Circuit] asking for a recall of the mandate or certified judgment." *Williams*, 307 F.2d at 368.

///

///

---

[4] In his § 2255 Motion, Gordon requested the following relief: "(i) conviction should be vacated; (ii) direct trial court to exclude any evidence found in the bag in any subsequent trial or proceeding, and (iii) order my release on signature bond." ECF No. 272 at 12. But this type of relief is not appropriate for an ineffective assistance of appellate counsel claim. If Gordon succeeded on his claim, at best he may be entitled to have the Ninth Circuit vacate its prior opinion and reinstate his direct appeal.

8

## C. Certificate of Appealability

Because the court denies Gordon's § 2255 Motion, the court next addresses whether Gordon should be granted a certificate of appealability ("COA"). *See* Rule Governing Section 2255 Proceedings 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See* Rule Governing Section 2255 Proceedings 11(a) ("If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).").

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id.* (citations and internal quotation marks omitted). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability should issue only if a prisoner shows, among other things, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

Applying that standard, the jurisdictional issue concerning Ground Two (ineffective assistance of appellate counsel) is debatable by jurists of reason — the Ninth Circuit has assumed (without discussion) that district courts have jurisdiction over ineffective assistance of appellate counsel, while its opinion in *Williams* seems to say otherwise. But the claim in Ground One (motion to suppress) is not debatable by jurists of reason — Gordon was given a "full and fair opportunity to litigate" this issue on direct appeal (and did so) and cannot use this § 2255 petition to relitigate the issue. *See Hayes*, 231 F.3d at 1139.

## V. **CONCLUSION**

For the foregoing reasons, the court DENIES Gordon's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (1) with prejudice concerning Ground One (motion to suppress), and (2) without prejudice concerning Ground Two (ineffective assistance of appellate counsel). The court GRANTS issuance of a COA as to Ground Two, and DENIES issuance of a COA as to Ground One.

///

///

///

///

///

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 29, 2018.



   /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Gordon*, Cr. No. 11-00479-01 JMS, Civ. No. 18-00198 JMS-KSC, (1) Order Denying Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 272; and (2) Granting In Part and Denying in Part Certificate of Appealability