IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff/Respondent,<br><br>  vs.<br><br>KENNETH SCOTT GORDON,<br><br>            Defendant/Petitioner. | CR. NO. 11-00479(01) JMS<br>CIV. NO. 18-00198 JMS<br><br>ORDER (1) DENYING DEFENDANT'S REMANDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |

**ORDER (1) DENYING DEFENDANT'S REMANDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

On October 29, 2018, this court denied Petitioner Kenneth Scott Gordon's ("Gordon") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 petition"). *See* ECF No. 284 (Cr. No. 11-00479(01) JMS);[1] *United States v. Gordon*, 2018 WL 5499532 (D. Haw. Oct. 29, 2018) ("*Gordon III*" or "the October 29, 2018 Order").

---

[1] For administrative purposes, the § 2255 petition was filed both in the underlying criminal matter, Cr. No. 11-00479 JMS, and in a separate civil matter, Civ. No. 18-00198 JMS. This order refers to filings in the docket from the criminal matter.

1

Gordon's § 2255 petition raised two grounds for post-conviction relief: (1) error in denying his motion to suppress evidence from a duffel bag and wallet, and (2) constitutionally ineffective assistance of appellate counsel. *See* ECF No. 272. The October 29, 2018 Order denied the § 2255 petition (1) with prejudice as to the motion to suppress because the issues had been raised (and rejected) on direct appeal, and (2) without prejudice, for lack of jurisdiction, as to ineffective assistance of appellate counsel because the court concluded that only the Ninth Circuit could offer Gordon the specific relief he sought (vacating his conviction, exclusion of evidence, and/or release on bond) where such relief depended upon whether appellate errors would have affected the Ninth Circuit's decision on his direct appeal. *See* ECF No. 284 at PageID #2556.

Nevertheless, on December 13, 2019, the Ninth Circuit vacated the October 29, 2018 Order and remanded the claim of ineffective assistance of appellate counsel for this court to consider its merits in the first instance, explaining that "[s]hould Gordon's claim have merit, the district court can grant relief by vacating Gordon's judgment of conviction." ECF No. 296 at PageID #2633; *United States v. Gordon*, 787 F. App'x 476, 477 (9th Cir. Dec. 13, 2019) (mem.) ("*Gordon IV*"). ³ After the Ninth Circuit issued its mandate, ECF No. 297,

---

³ It appears odd that a district court judge would have the power to *vacate* a conviction based on the specific claims of ineffective assistance of appellate counsel brought here—waiving
(continued . . .)

the parties agreed at a February 13, 2020 status conference that this court should decide the remanded claim without an evidentiary hearing, without further briefing, and based on the existing record. *See* ECF No. 299.

Accordingly, the court has further reviewed the arguments of the parties and the existing record—including the Declaration of Georgia K. McMillen (counsel on direct appeal) and associated exhibits, ECF Nos. 277-1 to 277-3—and DENIES the § 2255 petition. Gordon has not met his burden to demonstrate that he was deprived of constitutionally effective assistance of appellate counsel.[4]

## II. **BACKGROUND**

The underlying facts of Gordon's criminal conviction and sentence are adequately set forth in (1) the court's September 10, 2012 Order denying his motion to suppress (*see* ECF No. 105, *United States v. Gordon*, 895 F. Supp. 2d 1011 (D. Haw. 2012) ("*Gordon I*")); (2) the Ninth Circuit's memorandum disposition affirming his conviction on direct appeal, including affirming the court's denial of his motion to suppress (*see* ECF No. 267, *United States v. Gordon*, 694 F. App'x 556 (9th Cir. July 24, 2017) ("*Gordon II*"), *cert. denied*, 138 S. Ct. 434 (Nov. 6, 2017)); and (3) the court's October 29, 2018 Order denying his

---

oral argument before the appellate panel, deciding not to file an optional brief before the panel, and failing to seek en banc review or certiorari—rather than, for instance, permitting a new appeal for a meritorious claim.

[4] The court's October 29, 2018 Order denying relief as to the motion to suppress was not certified for appeal and remains valid. *See Gordon III*, 2018 WL 5499532 at *2-3.

§ 2255 petition, *Gordon III*. The court does not repeat that factual background here.

During Gordon's direct appeal, his appointed appellate counsel—after filing a 59-page opening brief—declined to submit an optional reply brief. ECF No. 277-1 at PageID #2461-62. Appellate counsel attests that her opening brief raised all the pertinent Fourth Amendment arguments and relied on the leading case law; she explains that it would have been redundant to argue the same issues concerning suppression in a reply brief. *See id.* at PageID #2463-64.

Appellate counsel also filed an unopposed motion to decide the appeal on the briefs. *See id.* at PageID #2462. She explains that this motion was a matter of strategy, attesting that, after reviewing the opening and answering briefs, "[b]ecause the record could be construed against [Gordon], as set out in the answering brief, I saw little benefit to oral argument [because] it likely would have exposed the weaknesses in our arguments." *Id.* at PageID #2465. On June 1, 2017, the Ninth Circuit issued an order specifically finding that "[t]he court is of the unanimous opinion that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." ECF No. 266 at PageID #2311. And on June 14, 2017 the matter was submitted without oral argument. *Id.*

On July 24, 2017, a panel of the Ninth Circuit affirmed Gordon's conviction and sentence on direct appeal. *See Gordon II*, 694 F. App'x at 558. Among other issues, the panel upheld the denial of the motion to suppress evidence from the duffel bag and wallet. *See id*. at 557. In this regard, Judge Paez concurred with the result but indicated he would have reversed the denial of the motion to suppress if not for the holding in *United States v. Cook*, 808 F.3d 1195 (9th Cir. 2015), to which, he recognized, he was bound. *See Gordon II*, 694 F. App'x at 558 (Paez, J., concurring). Appellate counsel did not seek rehearing or rehearing en banc. *See* ECF No. 277-1 at PageID #2466-67. She also did not file a petition for certiorari to the Supreme Court, although Gordon filed a petition on a pro se basis, ECF No. 270, which the Supreme Court denied on November 6, 2017. *See Gordon v. United States*, 138 S. Ct. 434 (2017) (mem.). Gordon then filed his § 2255 Petition on May 22, 2018. *See* ECF No. 272.

### III. **STANDARD OF REVIEW**

The court's review is governed by 28 U.S.C. § 2255(a), which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

5

imposed the sentence to vacate, set aside or correct the sentence.

A court should hold an evidentiary hearing on a § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). "Thus, the district court's decision that [the petitioner's] ineffective assistance claim did not warrant an evidentiary hearing [is] correct if his allegations, 'when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *Schaflander*, 743 F.2d at 717).[5] Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

///

///

///

---

[5] As set forth above, both parties concur that an evidentiary hearing is not necessary, and the court should decide the matter on the existing record. ECF No. 299. The court agrees.

## IV. **DISCUSSION**

A. **Ineffective Assistance of Appellate Counsel**

The court reviews a claim of ineffective assistance of appellate counsel by applying *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g.*, *Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir. 2001) (citations omitted). Under *Strickland*, "the petitioner must establish that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists 'that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland,* 466 U.S. at 688). A court need not determine whether counsel's performance was deficient before examining whether the petitioner suffered prejudice as a result of the alleged deficiencies. *See Strickland*, 466 U.S. at 697. In other words, any deficiency that does not result in prejudice necessarily fails.

"In applying *Strickland* to a claim of ineffective assistance of appellate counsel, [the Ninth Circuit has stated] that

> [*Strickland's*] two prongs partially overlap when evaluating the performance of appellate counsel. In many instances, appellate counsel will fail to raise an issue because she foresees little or no likelihood of success on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. . . . Appellate counsel will therefore frequently remain above an objective standard of competence (prong one) and have caused her client no

> prejudice (prong two) for the same reason—because she
> declined to raise a weak issue."

*Bailey*, 263 F.3d at 1028-29 (quoting *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (internal citations and footnotes omitted)).

Gordon claims his appellate counsel was constitutionally ineffective in four ways: (1) filing the motion to submit the appeal without oral argument, (2) failing to file an optional reply brief, (3) failing to seek rehearing en banc, and (4) failing to file petition for certiorari.[6] All are without merit.

First, Gordon has not demonstrated a reasonable probability that oral argument would have resulted in a different outcome. Indeed, the Ninth Circuit panel specifically determined that it was "of the unanimous opinion that the facts and legal argument are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." ECF No. 266. He has identified no meritorious argument that could have made a difference if made orally, and thus this district court is in no position to find—even objectively—that oral argument would have led to a different result before the Ninth Circuit. *See also United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986)

---

[6] It is somewhat unclear whether Gordon raises the failure to file a cert petition as a basis for his claim. His memorandum of law did not specifically argue the issue, but his affidavit states that "I would have asked counsel to seek both panel rehearing en banc rehearing before seeking relief from the U.S Supreme Court." ECF No. 272-2 at PageID #2394. Nevertheless, construing the § 2255 petition liberally, the court briefly addresses this issue as well.

8

(upholding denial of motion to vacate sentence based on alleged ineffective assistance of appellate counsel, where counsel failed to appear at oral argument, reasoning in part that "[o]ral argument on appeal is not required by the Constitution in all cases; nor is it necessarily essential to a fair hearing") (citation omitted).

Second, *Birtle* also stated that "[a] reply brief also generally is not essential for appellate review." *Id.* Just as Gordon's appellate counsel has attested, *Birtle* reasoned that "parties often decide not to file a reply brief as a matter of appellate strategy or because they perceive no need to do so." *Id.* And just as with oral argument, Gordon has not identified a meritorious written argument that could have been made in a reply brief that might have resulted in a different outcome—especially given the "'general rule . . . that appellants cannot raise a new issue for the first time in their reply briefs.'" *Id.* (quoting *Thompson v. Comm'r*, 631 F.2d 642, 649 (9th Cir. 1980) (other citation omitted)). He has thus "failed to demonstrate that he was denied effective assistance of counsel on appeal," *id.* at 849, for counsel's decision not to file a reply.

Third, as to the failure to seek rehearing en banc, based on other circuits' case law, it appears that a defendant has no constitutional right to counsel at that stage. *See, e.g.*, *Jackson v. Johnson*, 217 F.3d 360, 365 (5th Cir. 2000) (denying habeas petition, holding that "a criminal defendant has no constitutional

9

right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal"); *United States v. Chandler*, 291 F. Supp. 2d 1204, 1213 (D. Kan. 2003) (rejecting claim under § 2255 that counsel was ineffective for failing to seek en banc review before the Tenth Circuit, citing *McNeal v. United States*, 54 F.3d 776 (6th Cir. 1995) (table case) for its holding that "there is no constitutional right to counsel in seeking rehearing en banc"—and where there is no constitutional right to counsel, the client's "constitutional rights cannot be violated by the allegedly defective performance of his attorney").

But even if Gordon has such a constitutional right, he has not demonstrated that counsel's failure to file a motion seeking en banc review would have been successful, much less that an en banc panel likely would have vacated the panel's disposition. En banc review is "not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). Neither of these circumstances exist here.[8]

---

[8] Judge Paez's concurrence on direct appeal suggests that he disagreed with Ninth Circuit precedent that required affirming the denial of the motion to suppress. *See Gordon II*, 694 F. App'x at 558. At best, however, this means only that there might have been some basis to *seek* review, and certainly does not mean a petition would have been granted and then been successful before an en banc court. And Judge Paez could have sought en banc review sua sponte if he considered the issue worthy enough. *See* Ninth Cir. Gen. Order 5.4(c)(1) & (3). Moreover, the case he referred to—*United States v. Cook*, 808 F.3d 1195 (9th Cir. 2015)— remains valid precedent to this day.

Finally, the failure to file a petition for certiorari necessarily cannot constitute ineffective assistance—no such right exists. *See, e.g.*, *Miller*, 882 F.2d at 1432 ("Because Miller had no constitutional right to counsel in connection with the filing of a certiorari petition, he had no constitutional right to the effective assistance of counsel for that purpose.").

**B.    Certificate of Appealability**

In denying a § 2255 Motion, the court must also address whether Gordon should be granted a certificate of appealability ("COA"). *See* R. 11(a) Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The court carefully reviewed all of Gordon's assertions and gave him every benefit by liberally construing them. Based on the above analysis, the court finds that reasonable jurists could not find the court's rulings to be debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability should issue only if a prisoner shows, among other things, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). Accordingly, the court DENIES issuing a COA.

## V. CONCLUSION

For the foregoing reasons, the court DENIES Gordon's § 2255 Motion and DENIES a COA. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 27, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Gordon*, Cr. No. 11-00479(01) JMS; Civ. No. 18-00198JMS, Order (1) Denying Defendant's Remanded Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; and (2) Denying a Certificate of Appealability